FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON, D.C. 20579

IN THE MATTER OF THE CLAIM OF

THE FRANCISCO SUGAR COMPANY
and
COMPANIA GANADERA EL INDIO, S.A.

Under the International Claims Settlement
Act of 1949, as amended

Claim No. CU-2500

Decision No. CU 6066

PROPOSED DECISION

This claim against the Government of Cuba, under Title V of the International Claims Settlement Act of 1949, as amended, in the amount of $58,505,859.00 was presented by THE FRANCISCO SUGAR COMPANY based upon the asserted loss of property and investments in Cuba. COMPANIA GANADERA EL INDIO, S.A., which is a wholly-owned subsidiary organized in the United States, is joined herein as co-claimant.

Under Title V of the International Claims Settlement Act of 1949 [78 Stat. 1110 (1964), 22 U.S.C. §§1643-1643k (1964), as amended, 79 Stat. 988 (1965)], the Commission is given jurisdiction over claims of nationals of the United States against the Government of Cuba. Section 503(a) of the Act provides that the Commission shall receive and determine in accordance with applicable substantive law, including international law, the amount and validity of claims by nationals of the United States against the Government of Cuba arising since January 1, 1959 for

> losses resulting from the nationalization, expropriation, intervention or other taking of, or special measures directed against, property including any rights or interests therein owned wholly or partially, directly or indirectly at the time by nationals of the United States.

Section 502(3) of the Act provides:

> The term 'property' means any property, right, or interest including any leasehold interest, and debts owed by the Government of Cuba or by enterprises which have been nationalized, expropriated,

intervened, or taken by the Government of Cuba and debts which are a charge on property which has been nationalized, expropriated, intervened, or taken by the Government of Cuba.

Section 502(1)(B) of the Act defines the term "national of the United States" as a corporation or other legal entity which is organized under the laws of the United States, or of any State, the District of Columbia, or the Commonwealth of Puerto Rico, if natural persons who are citizens of the United States own, directly or indirectly, 50 per centum or more of the outstanding capital stock or other beneficial interest of such corporation or entity.

An officer of THE FRANCISCO SUGAR COMPANY which was organized in 1899 under the laws of the State of New Jersey has certified that at all times pertinent hereto at least 50% of its outstanding capital stock has been owned by United States nationals and that on June 27, 1967 holders of 348,102 shares of the 350,301 shares outstanding were residents of the United States who are presumed to be United States nationals. The Commission holds that THE FRANCISCO SUGAR COMPANY and its wholly-owned subsidiary, COMPANIA GANADERA EL INDIO, S.A. qualify as nationals of the United States within the meaning of Section 502(1)(B) of the Act.

The losses for which claim is made are as follows:

| | |
|---|---|
| Land | $13,053,882.00 |
| Buildings, equipment and other non-current assets | 42,134,290.00 |
| Net current assets | 1,652,385.00 |
| Securities (non-affiliated companies) | 121,400.00 |
| Investment - Cubana Primadera | 1,543,902.00 |
| Total | $58,505,859.00 |

The record establishes and the Commission finds that THE FRANCISCO SUGAR COMPANY was the owner of land and two sugar mills in Cuba and the sole stockholder of the following Cuban enterprises, Inversiones Agricolas Santa Isabel, S.A., Manuel A. Lage y Cia. S. en C., and Cia. Maritima Guayabal, S.A. The Commission further finds that the property of both claimants and the Cuban subsidiaries was taken by the Government of Cuba on August 6, 1960 under Resolution No. 1. The Cuban firms were organized under the laws of

CU-2500

Cuba and do not qualify as corporate "nationals of the United States" defined under Section 502(1)(B) of the Act, supra. In this type of situation, it has been held that an American stockholder is entitled to file claim based upon an ownership interest therein. (See Claim of Parke, Davis & Company, Claim No. CU-0180, 1967 FCSC Ann. Rep. 33.) Therefore THE FRANCISCO SUGAR COMPANY is entitled to file a claim for its interest in the Cuban companies.

The Act provides in Section 503(a) that in making determinations with respect to the validity and amount of claims and value of properties, rights, or interests taken, the Commission shall take into account the basis of valuation most appropriate to the property and equitable to the claimant, including but not limited to fair market value, book value, going concern value, or cost of replacement.

The question, in all cases, will be to determine the basis of valuation which, under the particular circumstances, is "most appropriate to the property and equitable to the claimant". This phraseology does not differ from the international legal standard that would normally prevail in the evaluation of nationalized property. It is designed to strengthen that standard by giving specific bases of valuation that the Commission shall consider.

According to the evidence of record, FRANCISCO owned sugar mills at Elia and Francisco and with its two Cuban subsidiaries owned 3,025.835 caballerias of land, an alcohol distillery and yeast plant, approximately 177 miles of railroad track with the necessary rolling stock, warehouses, airfields, and complete facilities for operating the mills at the towns of Francisco and Elia. Land was also owned by FRANCISCO at the port of Guayabal where the other Cuban subsidiary operated under a concession from the Cuban Government, having dredged the port to a depth of 33 feet and erected a pier, warehouses and tanks for carrying out its shipping operations.

Claimant EL INDIO, S.A. organized under the laws of the State of Delaware in 1953 was engaged in cattle raising, and bred and developed cattle on land leased from its parent company.

CU-2500

In support of the amount claimed, claimants have submitted three appraisals of the land, cultivations, buildings, installations, equipment and machinery. The record also contains affidavits of company officers, a report of losses submitted to the Department of State in August, 1960, financial statements and photographs of Central Elia and Central Francisco.

On the basis of all the evidence of record, the Commission finds that the value of the fixed assets of FRANCISCO and its Cuban subsidiaries on August 6, 1960 were as follows:

| | | |
|---|---:|---:|
| Lands and cultivations | | $19,110,000.00 |
| Railroad System | | 9,600,000.00 |
| Port at Guayabal | | 3,746,000.00 |
| Francisco Mill | | |
|   Batey & Factory Buildings | $2,700,000.00 | |
|   Cane Handling Equipment | 110,000.00 | |
|   Cane Milling Equipment | 1,300,000.00 | |
|   Boiler & Furnace Plant | 850,000.00 | |
|   Clarification Plant | 400,000.00 | |
|   Evaporation Plant | 650,000.00 | |
|   Crystallizers & Centrifugals | 620,000.00 | |
|   Factory Pumps | 120,000.00 | |
|   Factory Pipe Lines & Valves | 200,000.00 | |
|   Electric Plant | 500,000.00 | |
|   Mechanical & Locomotive Shops | 250,000.00 | 7,700,000.00 |
| Elia Mill | | |
|   Batey & Factory Buildings | 1,850,000.00 | |
|   Cane Handling Equipment | 80,000.00 | |
|   Cane Milling Equipment | 1,000,000.00 | |
|   Boiler & Furnace Plant | 800,000.00 | |
|   Clarification Plant | 320,000.00 | |
|   Evaporation Plant | 500,000.00 | |
|   Crystallizers & Centrifugals | 600,000.00 | |
|   Factory Pumps | 100,000.00 | |
|   Factory Pipe Lines & Valves | 200,000.00 | |
|   Electric Plant | 550,000.00 | |
|   Mechanical & Locomotive Shops | 200,000.00 | 6,200,000.00 |
| Distillery & Yeast Plant | | 900,000.00 |
| Other Properties, Power Lines, etc. | | 400,000.00 |
| Field Installations & Agricultural Machinery | | 2,300,000.00 |
| Total | | $49,956,000.00 |

The Commission further finds that on August 6, 1960, the current assets of claimant FRANCISCO and its subsidiaries exceeded its liabilities by the amount of $1,652,385.00 and that the total value of the property of FRANCISCO and its Cuban subsidiaries taken by the Government of Cuba on August 6, 1960 was $51,608,385.00. Inasmuch as the Commission does not deduct liabilities

CU-2500

of United States nationals except for taxes due the Cuban Government (see Claim of Simmons Company, Claim No. CU-2303), claimants were requested by letter of March 2, 1970 to submit separate information concerning FRANCISCO's subsidiaries. However no reply was received and the determination of liabilities is based upon the consolidated report for August 7, 1970 (claimant's Exhibit 8).

COMPANIA GANADERA EL INDIO, S.A.

According to the information filed with the Department of State in 1960 EL INDIO did not own any land but operated its cattle raising business on land leased from FRANCISCO and its Cuban affiliates. On August 6, 1960, EL INDIO was the owner of 9,317 head of cattle, of which 241 were pure Santa Gertrudis breed and the remainder part Santa Gertrudis, and 144 horses and mules. The amount of $746,000.00 is asserted as the value of the livestock at the time of loss.

On the basis of the evidence herein and other evidence available to the Commission concerning the value of livestock, the Commission finds that the value placed on these cattle is a fair and reasonable one and concludes that EL INDIO suffered a loss in the amount of $746,000.00 for the taking of its livestock on August 6, 1960 within the meaning of Title V of the Act.

Investments

Claimant FRANCISCO has asserted claims totalling $1,665,302.00 for its investments in Cia. Cubana Primadera, S.A., Ferrocarriles Occidentales de Cuba, S.A., Cuban Venezuelan Oil Voting Trust, Trans-Cuba Oil Company and Kenaf Corporation.

On the evidence of record, the Commission finds that FRANCISCO owned shares of the listed corporations on August 6, 1960 as follows:

| | |
|---|---|
| Cia. Cubana Primadera, S.A. | 306,000 Common Stock Shares |
| | 9,980 Preferred Shares |
| Ferrocarriles Occidentales | 1,089 Shares |
| Trans-Cuba Oil Company | 15,000 Shares |
| Cuban Venezuelan Oil Trust | 10,000 Shares |
| Kenaf Corporation | 5,686 Shares |

In the Claim of Martha P. Balme, Claim No. CU-8162, the Commission determined that the value of preferred stock of Cia. Cubana Primadera on

- 6 -

August 7, 1960 was $92.1936 per share, with the common stock having no value. The Commission therefore finds that FRANCISCO as the owner of 9,980 preferred shares suffered a loss in the amount of $920,092.13 for its ownership interest in Cia. Cubana Primadera, S.A. when its Cuban assets were taken on August 6, 1960.

In the Claim of Ruth Anna Haskew, Claim No. CU-0849, the Commission held that the value of the common stock of Ferrocarriles Occidentales de Cuba, S.A., which enterprises were required to purchase under Cuban laws, was the original cost price. Claimant paid $100.00 per share or a total of $108,900.00 and the Commission finds that claimant suffered a loss in the amount of $108,900.00 for its ownership interest in Ferrocarriles Occidentales de Cuba, S.A. on August 6, 1960.

In the Claim of D. R. Wimberly, Claim No. CU-3417 and Claim of Felix Heyman, Claim No. CU-0412, the Commission determined the values of shares of the Trans-Cuba Oil Company and the Cuban Venezuelan Oil Voting Trust to be $0.1198 and $0.11971 per share, respectively, on November 23, 1959 the date the properties of those companies were taken by the Government of Cuba. Accordingly, the Commission finds that FRANCISCO suffered a loss in the amount of $1,797.00 for its interest in the Trans-Cuba Oil Company and $1,197.10 for its interest in Cuban Venezuelan Oil Voting Trust on November 23, 1959.

Concerning the Kenaf Corporation, the Commission held in the Claim of Manati Sugar Company, Claim No. CU-2525, that stockholders of this New York corporation could file a claim for their ownership interest since the company was dissolved in 1962 after assets valued at $22,382.95 were taken by the Government of Cuba on May 25, 1960. Accordingly, the Commission finds that FRANCISCO as the owner of 5,686 shares or 13.703% of the outstanding stock suffered a loss in the amount of $3,067.14 on May 25, 1960 within the meaning of Title V of the Act.

RECAPITULATION

Accordingly, the claimants suffered the following losses within the meaning of Title V of the Act:

THE FRANCISCO SUGAR COMPANY
| | | |
|---|---|---|
| Net Assets with Subsidiaries | August 6, 1960 | $51,608,385.00 |
| Cia. Cubana Primadera | August 6, 1960 | 920.092.13 |
| Ferrocarriles Occidentales | August 6, 1960 | 108,900.00 |
| Trans-Cuba Oil Company | November 23, 1959 | 1,797.00 |
| Cuban Venezuelan Oil Trust | November 23, 1959 | 1,197.10 |
| Kenaf Corporation | May 25, 1960 | 3,067.14 |
| | | $52,643,438.37 |

COMPANIA GANADERA EL INDIO, S.A.
| | | |
|---|---|---|
| Livestock | August 6, 1960 | $746,000.00 |

The Commission has decided that in certifications of loss on claims determined pursuant to Title V of the International Claims Settlement Act of 1949, as amended, interest should be included at the rate of 6% per annum from the date of loss to the date of settlement (see Claim of Lisle Corporation, Claim No. CU-0644), and in the instant case it is so ordered as follows:

| FROM | ON |
|---|---|

THE FRANCISCO SUGAR COMPANY

| | |
|---|---|
| November 23, 1959 | $ 2,994.10 |
| May 25, 1960 | 3,067.14 |
| August 6, 1960 | 52,637,377.13 |
| | $52,643,438.37 |

COMPANIA GANADERA EL INDIO, S.A.

| | |
|---|---|
| August 6, 1960 | $746,000.00 |

CERTIFICATIONS OF LOSS

The Commission certifies that THE FRANCISCO SUGAR COMPANY suffered a loss, as a result of actions of the Government of Cuba, within the scope of Title V of the International Claims Settlement Act of 1949, as amended, in the amount of Fifty-two Million Six Hundred Forty-three Thousand Four Hundred Thirty-eight Dollars and Thirty-seven Cents ($52,643,438.37) with interest at 6% per annum from the respective dates of loss to the date of settlement; and

CU-2500

- 8 -

The Commission certifies that COMPANIA GANADERA EL INDIO, S.A. suffered a loss, as a result of actions of the Government of Cuba, within the scope of Title V of the International Claims Settlement Act of 1949, as amended, in the amount of Seven Hundred Forty-six Thousand Dollars ($746,000.00) with interest at 6% per annum from August 6, 1960 to the date of settlement.

Dated at Washington, D. C.,
and entered as the Proposed
Decision of the Commission

FEB 9 1971

Lyle S. Garlock, Chairman

Theodore Jaffe, Commissioner

NOTICE TO TREASURY: The above-referenced securities may not have been submitted to the Commission or if submitted, may have been returned; accordingly, no payment should be made until claimants establish retention of the securities or the loss here certified.

The statute <u>does not provide for the payment of claims</u> against the Government of Cuba. Provision is only made for the determination by the Commission of the validity and amounts of such claims. Section 501 of the statute specifically precludes any authorization for appropriations for payment of these claims. The Commission is required to certify its findings to the Secretary of State for possible use in future negotiations with the Government of Cuba.

NOTICE: Pursuant to the Regulations of the Commission, if no objections are filed within 15 days after service or receipt of notice of this Proposed Decision, the decision will be entered as the Final Decision of the Commission upon the expiration of 30 days after such service or receipt of notice, unless the Commission otherwise orders. (FCSC Reg., 45 C.F.R. 531.5(e) and (g), as amended (1970).)

CU-2500